IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **HERMAN COLE** | * | |
| | * | |
| v. | * | Civil Case No. MJG-15-3927 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-referenced case has been referred to me for review of the Commissioner's dispositive motion, [ECF No. 22], and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix).[1] This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). After reviewing the record in this case, I find that no hearing is necessary. Local R. 105.6 (D. Md. 2016). For the reasons set forth below, I recommend that the Commissioner's motion be granted.

Mr. Cole applied for Disability Insurance Benefits and Supplemental Security Income on October 18, 2011, alleging a disability onset date of April 9, 2011. (Tr. 269-80). His claims were denied initially on January 18, 2012, and on reconsideration on May 16, 2012. (Tr. 86-109, 112-35). An Administrative Law Judge ("ALJ") held hearings on September 26, 2013 and March 18, 2014, and Mr. Cole was represented by counsel at the second hearing. (Tr. 47-85). The ALJ subsequently wrote an opinion denying benefits to Mr. Cole. (Tr. 24-45). The Appeals Council

---

[1] Mr. Cole was represented by counsel at the time this case was filed, but counsel withdrew his appearance on March 9, 2016. [ECF No. 14]. After some time elapsed, this Court granted Mr. Cole 60 days to find new representation. [ECF Nos. 15, 16]. No new attorney has entered an appearance, and Mr. Cole has not corresponded with the Court. After the Commissioner filed her motion for summary judgment, the Court sent a Rule 12/56 letter to Mr. Cole advising him of the possible consequences of failing to file an opposition to the motion. [ECF No. 23]. Still, no opposition has been filed, and the deadline has now passed.

denied review, (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the Agency.

The ALJ found that, during the relevant time frame, Mr. Cole suffered from the severe impairments of "bipolar disorder, learning disabilities, cognitive impairment, left knee osteophytosis, obesity, spine disorder, shoulder strain and alcohol abuse." (Tr. 29). Despite these impairments, the ALJ determined that Mr. Cole retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally stoop, twist, crouch, kneel, crawl, balance and climb stairs and ramps. He cannot climb ladders, ropes or scaffolds. He can understand, remember, and carry out simple instructions. He can perform simple, routine and repetitive tasks free of fast-paced production requirements with no required reading or writing and occasional required interaction with the public, supervisors and coworkers.

(Tr. 33). After considering testimony from a vocational expert ("VE"), the ALJ determined that there were jobs existing in significant numbers in the national economy that Mr. Cole could perform, and that he was not therefore disabled. (Tr. 38-39).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. At step one, the ALJ found in Mr. Cole's favor that, although he had worked, he had not engaged in substantial gainful activity since the alleged onset date. (Tr. 29). At step two, the

ALJ found the severe impairments specified above, and also considering other impairments that the ALJ concluded were either non-severe or not medically determinable, citing to medical and record evidence. (Tr. 29-30). Although I find no error in the ALJ's evaluation, even if I were to find that the ALJ erred in her evaluation of any of Mr. Cole's impairments at step two, such error would be harmless. Because Mr. Cole made the threshold showing that other disorders constituted severe impairments, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Mr. Cole's ability to work. *See* 20 C.F.R. § 404.1523.

At step three, the ALJ engaged in a comprehensive analysis of Mr. Cole's shoulder and knee impairments with respect to Listing 1.02A, and mental health Listings 12.02, 12.04, 12.05C, and 12.09. (Tr. 31-33). The ALJ cited to the specific criteria of each of those Listings, and addressed which of the criteria had not been established. *Id.* In particular, for the mental health Listings, the ALJ used the appropriate special technique to assess whether Mr. Cole met the "paragraph B" or "paragraph C" criteria of that Listing. *Id.* Citing to the evidence of record, the ALJ found only a mild restriction in activities of daily living, moderate difficulties in social functioning, moderate difficulties in concentration, persistence, or pace, and no episodes of decompensation of extended duration. *Id.* The detailed analysis provided by the ALJ contains substantial evidence to support her conclusion that the relevant Listings have not been met or equaled.

At step four, the ALJ provided a summary of Mr. Cole's testimony at the hearing. (Tr. 34). The ALJ also summarized findings from the medical evidence demonstrating that Mr. Cole's symptoms "improve with consistent psychiatric treatment," (Tr. 34), and that his shoulder and knee problems do not preclude work activity, (Tr. 35-36). In particular, the ALJ cited notes reflecting that Mr. Cole had turned down a janitorial job because he was afraid that the number

of work hours would preclude his obtaining disability benefits. (Tr. 36). The ALJ also cited a DORS evaluation suggesting that Mr. Cole would be capable of employment so long as he received continued psychiatric care. *Id.* The ALJ made an adverse credibility assessment, supported by the inconsistency between the medical evidence and Mr. Cole's testimony. *Id.* Finally, the ALJ evaluated the opinion evidence provided by the treating physicians, Drs. Seunarine, Coleman, and Raiker, another medical source, Mr. Akpan, and the State agency medical consultants. (Tr. 36-37). With respect to the treating physicians, the ALJ appropriately noted that their relatively extreme opinions conflicted with their treatment notes and other record evidence. *Id.* Instead, the ALJ assigned "moderate weight" to Mr. Akpan's conclusions, which were generally consistent with the RFC assessment, and "significant weight" to the State agency medical consultants. *Id.*

The function of this Court is not to review Mr. Cole's claims *de novo* or to reweigh the evidence of record. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (citing 42 U.S.C. § 405(g) and *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)). Rather, this Court is to determine whether, upon review of the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Coffman*, 829 F.2d at 517; *see* 42 U.S.C. § 405(g). Under that standard, and in light of the abundant evidence cited by the ALJ suggesting that Mr. Cole was capable of substantial gainful employment with appropriate mental health treatment, I recommend that the ALJ's RFC assessment be affirmed.

The ALJ also appropriately completed step five of the sequential evaluation. The ALJ took testimony from the VE regarding whether Mr. Cole could perform his past relevant work, and determined that he could not. (Tr. 37, 81-82). The ALJ then posed a series of hypotheticals to the VE to determine whether a person with each set of hypothetical criteria would be able to

find work. (Tr. 81-82).  Ultimately, the ALJ determined that Mr. Cole's RFC matched one of the hypotheticals she had posed. (Tr. 33, 81).  The VE had cited three light jobs in response to that hypothetical, and the ALJ relied on that VE testimony in her opinion. (Tr. 37, 82).  The ALJ's step five determination, therefore, was supported by substantial evidence.  There is therefore no basis to remand the case under sentence four of 42 U.S.C. § 405(g), because I have not found: (1) that the Commissioner's decision is not supported by substantial evidence; or (2) that the Commissioner misapplied the relevant law.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court GRANT Defendant's Motion for Summary Judgment, [ECF No. 22]; and order the Clerk to CLOSE this case.

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  February 8, 2017                             /s/
                                                            Stephanie A. Gallagher
                                                            United States Magistrate Judge